# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JEREMIAH ANSON BILLS** | ) | Civil Action No. 1:23-CV-00352 |
| Plaintiff | ) | |
| vs. | ) | Plaintiffs First Amended Complaint |
| | ) | |
| **PAT LAUGHERY** in his individual and official incorporated capacities | ) | **EXHIBITS** attached hereto and herein |
| **LINDA HOLLENBAUGH** in her individual and official incorporated capacities | ) | |
| **CITY OF QUANAH** a municipality within the county of Hardeman Texas | ) | |
| **HARDEMAN COUNTY SHERIFF'S OFFICE** a law enforcement agency of Hardeman County | ) | |
| **HARDEMAN COUNTY** a county within the state of Texas | ) | Jury Trial Demanded Herein |
| **Child Protective Services** | ) | |
| **Texas Department of Family and Protective Services** | ) | |
| **SJRC Texas, INC. D/B/A Belong** | ) | |
| **Hondo Police Department** a law enforcement agency of Hondo, Texas | ) | |
| **City of Hondo** a municipality within the county of Medina, Texas | ) | |
| **Medina County** a county within the state of Texas | ) | |
| **Ronald Ingram** in his individual and official incorporated capacities | ) | |
| Defendants | | |

# PLAINTIFFS FIRST AMENDED COMPLAINT

## TO THE HONORABLE JUDGE OF SAID COURT

**COMES NOW,** Plaintiff Jeremiah Anson Bills, in propia persona in the above title cause, hereby file this, his **Original Complaint for Civil Rights Violations** under U.S.C. 42 § 1983 for deprivation of certain of his guaranteed and protected rights relating to the 4th 8th and 14th Amendments. Under the Texas Code of Criminal Procedure Article 26.03, Article 25.01, Article 15.17. Texas Constitution Article 1. Bill of Rights Section 9, Section 10, Section 13, and Section 19.

## I. INTRODUCTION AND OPENING STATEMENT

1. This is an action brought by Plaintiff, Jeremiah Anson Bills against certain defendants including the Hardeman County Sheriff Pat Laughery, County Justice of the Peace Linda Hollenbaugh, City of Quanah, Hardeman county Sheriff's Office, the County of Hardeman, Child Protective Services, Texas Department of Family and Protective Services, Belong/SJRC Texas, Hondo Police Department, City of Hondo, Medina County, County Judge Ronald Ingram, acting as agents of the state in and the municipality by which they were employed.

2. The injury suffered by this Plaintiff occurred over the course of 176 days and continues to this day. When Plaintiff Jeremiah Anson Bills was pulled over by Hondo Police Department for an air freshener hanging from his rear view mirror.

3. Plaintiff Jeremiah Anson Bills had no knowledge of any legal proceeding against plaintiff prior, during and to this day has not received the warrant in question. All verbal attempts to obtain a copy of the documentation prior to Plaintiffs arrest and detainment in County jailing facility were not met by all defendants.

4. While driving to Hondo, Texas the Plaintiff was pulled over for an air freshener that was hanging from the rear view mirror. The Plaintiff was then identified as Jeremiah Anson Bills. It was found that

Hardeman County had issued a warrant for his arrest, under the charge of Interference with child custody. As a result of his arrest Angelina Padon was taken from the custody of Jeremiah Anson Bills and Jennifer Alvarez. Which according to the District Attorney J. Staley Heatly Does not meet elements of the offense. Plaintiff had to post bond and get vehicle out of impound.

5. The Texas Department of Family and Protective Services, Belong/SJRC Texas, County of Medina, The City of Hondo, County of Hardeman, and the City of Quanah has failed to ensure that its employees, the Hondo Police Department, Magistrate of Medina County, Sheriff of Medina County, Sheriff of Hardeman and the other officers are properly trained and/or supervised as they acted unfettered in violation of the Constitution and clearly established law. Because of this failure Plaintiff's clearly established rights relating to the 4th 8th and 14th Amendments of the Constitution were egregiously violated by the Defendants.

## II. JURISDICTION AND VENUE

6. Causes of Action of this complaint arise under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights). The jurisdiction of this court is founded on federal question jurisdiction 28 U.S.C. §1331 and this court also has original jurisdiction pursuant to 28 U.S.C. §1343

7. Venue is Proper because all events giving rise to Plaintiffs' causes of action occurred within this District, as provided in 28 U.S.C. § 1391(b)(2)

## III. PARTIES 42 U.S.C. §1915(e)(2)(b)

### A. Plaintiffs

8. Plaintiff Jeremiah Anson Bills, hereafter "**BILLS**", at all times relevant herein, suffered injury while in this District in the City of Hondo, which is in the County of Medina. While in Medina County Jail. BILLS was transported to the City of Quanah, which is in the County of Hardeman.

### B. Defendants

9. Plaintiff is informed Defendant, Pat Laughery, hereafter "**LAUGHERY**", was the Sheriff of

Hardeman County and a sworn peace officer, employed by the defendant Hardeman County, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for Hardeman County. **LAUGHERY** is being sued in his individual and official capacities.

10. Plaintiff is informed Defendant, Linda Hollenbaugh, hereafter **"HOLLENBAUGH"**, was the County Justice of the Peace and sworn officer of the court, employed by the defendant Hardeman County, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for Hardeman County. **HOLLENBAUGH** is being sued in his individual and official

11. Plaintiff is informed Defendant, City of Quanah, is an incorporated political subdivision within Hardeman County in the state of Texas, and can be sued as such persons specific to this lawsuit.

12. Plaintiff is informed Defendant, Hardeman County Sheriff's Office, is an incorporated political subdivision within Hardeman County in the state of Texas, and can be sued as such persons specific to this lawsuit.

13. Plaintiff is informed Defendant, Hardeman County, is an incorporated political subdivision within in the state of Texas, and can be sued as such persons specific to this lawsuit.

14. Plaintiff is informed Defendant, Child Protective Services, is an incorporated political subdivision within the state of Texas, and can be sued as such persons specific to this lawsuit.

15. Plaintiff is informed Defendant, Texas Department of Family and Protective Services, is an incorporated political subdivision within the state of Texas, and can be sued as such persons specific to this lawsuit.

16. Plaintiff is informed Defendant, Belong/SJRC Texas, is an incorporated political subdivision within the state of Texas, and can be sued as such persons specific to this lawsuit.

17. Plaintiff is informed that Defendant, City of Hondo, is an incorporated political subdivision within Medina County in the state of Texas, and can be sued as such persons specific to this lawsuit.

18. Plaintiff is informed Defendant, Medina County, is an incorporated political subdivision within in the state of Texas, and can be sued as such persons specific to this lawsuit.

19. Plaintiff is informed Defendant, Ronald Ingram, hereafter "**INGRAM**", was the County Judge and sworn officer of the court, employed by the defendant Hardeman County, and at all times relevant to this complaint, was acting as an employed, compensated, enriched and rewarded employee for Hardeman County. **Ingram** is being sued in his individual and official

## IV. GENERAL FACTUAL ALLEGATIONS

20. Plaintiff is a work from home employee who also helps the community of Uvalde, by giving support in the wake of the Robb Elementary School Shooting, which is the school his youngest son attended and he also holds the Precinct 13 Chair for the Republican Party of Uvalde.

21. On Monday May 2nd, 2022 at approximately 12:00pm BILLS was followed as he entered the town of Hondo, Texas. Upon making a right turn with his turn signal on, Hondo Police pulled him over on the other side of town for an air freshener that was hanging from the vehicle's rear view mirror. To which there is currently no law against hanging an air freshener on the rear view mirror of a vehicle. BILLS was told by Hondo Police that he had a warrant for his arrest for interference with child custody.

22. BILLS was taken into custody by Hondo Police Department and his vehicle was impounded. Also his foster daughter/niece who was soon to be his adopted daughter was taken from not only his care but the care of Jennifer Alvarez. Who is her biological aunt.

23. Jennifer Alvarez then went to Hondo, Texas to pick up Angelina Padron and retrieve the vehicle, that BILLS was driving. After waiting for word on the vehicle, Jennifer Alvarez then went to the Texas department of health and human services office where she met up with Katerina Lewis whom works

with Child Protective Services. Katerina Lewis had Angelina Padron in her custody while in the office along with 2 other women that were watching Angelina Padron in a playpen. Katerina Lewis took Jennifer Alvarez into a private room and asked her questions about BILLS regarding the Interference with child custody warrant. Katerina Lewis told Jennifer Alvarez that she would contact her supervisor and would be a few minutes and walked Jennifer Alvarez out of the office. Jennifer Alvarez then went to retrieve the vehicle from Moreno's Impound and went straight back to Katerina Lewis's office, where Jennifer Alvarez was then told that she would not be getting Angelina Padron back into her custody due to safety reasons.

24. The following day BILLS was told by Medina County Deputy that the Medina County Magistrate would explain everything to him. BILLS went before the Medina County Magistrate and asked for discovery. The Magistrate told BILLS that he would have to wait until he got to Hardeman County. Under the Texas Code of Criminal Procedure Art. 26.03 TIME OF ARRAIGNMENT. No arraignment shall take place until the expiration of at least two entire days after the day on which a copy of the indictment was served on the defendant, unless the right to such a copy or to such delay be waived, or unless the defendant is on bail. BILLS was never explicitly told by Medina County Magistrate that the right of such a copy was waived. BILLS was simply told that he would have to wait until he got to Hardeman County. Art. 25.01. IN FELONY. In every case of felony, when the accused is in custody, or as soon as he may be arrested, the clerk of the court where an indictment has been presented shall immediately make a certified copy of the same, and deliver such copy to the sheriff, together with a writ directed to such sheriff, commanding him forthwith to deliver such certified copy to the accused. Article 15.17 hearing ("magistration"), the magistrate must inform a person arrested on an out-of-county warrant of the procedures for requesting counsel and must ensure reasonable assistance in completing the necessary forms. Then Medina County Magistrate set bail at 25,000 and had BILLS taken to a jail cell. BILLS did not have arraignment in Medina County.

25. Jennifer Alvarez contacted Angelina Padron's case workers, Janelle Flechas, Sarah Baimbridge, and Emily Barrera, whom work for the Texas department of Family and protective services, for any updates regarding Angelina Padron and was then told to contact Angelina Padron's attorney Alana Pearsall for more information. Alana Pearsall asked Jennifer Alvarez for more information on the warrant that was issued to BILLS (Interference with child custody), then stated that if BILLS did not get this warrant or charges dismissed then we as a family for Angelina Padron might as well grieve for her.

26. 10 days later Hardeman County Sheriff's Department sent a deputy to pick up BILLS. The following day BILLS went before the Hardeman County Judge Ronald Ingram, where he then asked once again for discovery. A deputy of Hardeman County Sheriff's Office told BILLS "We don't have it." The Hardeman County Judge Ronald Ingram then posted bond at $10,000 without an arraignment and without giving BILLS any information on his case. BILLS was bonded out shortly after. Under the Texas Code of Criminal Procedure Art. 26.03 TIME OF ARRAIGNMENT. No arraignment shall take place until the expiration of at least two entire days after the day on which a copy of the indictment was served on the defendant, unless the right to such a copy or to such delay be waived, or unless the defendant is on bail. Art. 25.01. IN FELONY. In every case of felony, when the accused is in custody, or as soon as he may be arrested, the clerk of the court where an indictment has been presented shall immediately make a certified copy of the same, and deliver such copy to the sheriff, together with a writ directed to such sheriff, commanding him forthwith to deliver such certified copy to the accused.

27. BILLS contacted the Texas Department of Family and Protective Services to ask about what he needed to do in order for Jennifer Alvarez to receive custody of Angelina Padron. BILLS was told that once the charges are dismissed then the Texas Department of Family and Protective Services would work on reunification. Until then nothing can be done.

28. BILLS asked his public defender on more than one occasion to get the discovery. Several months passed before discovery was finally given. On October 5th, 2022 BILLS received a letter saying that the District Attorney does not accept charges against BILLS due to, Does not meet elements of the offense of Interference with Child Custody.

29. Once Plaintiff BILLS received the letter stating that the District Attorney does not accept charges against BILLS due to, Does not meet elements of the offense of Interference with Child Custody, BILLS began contacting Texas Department of Family and Protective Services and SJRC Texas, INC. D/B/A Belong for 20 days trying to get answers. SJRC Texas, INC. D/B/A Belong never responded to requests for communication. Emily Barrera from The Texas Department of Family and Protective Services did contact BILLS and Jennifer Alvarez on October 25, 2022 and got put on a three way call with Robyn Muennink, whom also works with The Texas Department of Family and Protective Services. Emily Barrera and Robyn Muennink stated The Texas Department of Family and Protective Services had concerns from the time Angelina Padron was placed into the home until the time of the removal, their concerns were BILLS' warrant for his arrest and not picking up Angelina Padron in a timely manner from The Texas Department of Family and Protective Services office on May 2, 2022.

30. As of this date he has been denied the return of his job, had to pay to have his vehicle taken out of impound, forced to pay a bond, unlawfully detained 10 U.S. Code § 897, falsely arrested Title 42 section 1983, maliciously prosecuted Title 42 section 1983, and denied the return of his foster daughter/niece Angelina Padron.

## V. WAIVER OF IMMUNITY

31. Since Plaintiff BILLS is a United States citizen and a resides in the state of Texas. Plaintiff BILLS asks the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION to waive any and all immunity. Due the fact the all defendant not only violated the

United States Constitution, but also The Texas Constitution.

32. When an innocent person is deprived of liberty because of a wrongful conviction, regardless of fault, the government has a responsibility to do all it can to foster that person's re-entry in order to help restore some sense of justice. Although the government is immune to lawsuits as a general rule, The Tucker Act exposes the government to liability for certain claims. Specifically, the act extended the original court of claims jurisdiction to include claims for liquidated or unliquidated damages arising from the Constitution a federal statue or regulation, and claims in cases not arising in tort. The relevant text of the act is 28 U.S.C. § 1346 and 28 U.S.C. § 1491

33. Under the Tucker Act, 28 U.S.C. § 1346, 28 U.S.C. § 1491 and Ultra vires. Plaintiff BILLS ask the UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION to waive any and all immunity, So that some sense of justice can be restored.

## VI. CAUSES OF ACTION

## CAUSE 1

**(42 U.S.C. § 1983; 14th Amendment Section 1. Violation, Texas Code of Criminal Procedure Article 26.03, Article 25.01, Article 15.17 Texas Constitution Article 1. Bill of Rights Section 10 and Section 19 - Due Process)**

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 33 above and incorporates the same as if set forth in full.

35. All Defendants knew or should have known that it is unlawful and is a constitutional violation to withhold a citizen's personal property not contraband without due process of law.

33. As a direct and proximate consequence of the acts of these Defendants. BILLS has suffered and continues to suffer injury therefore and is entitled to recover damages accordingly.

# CAUSE 2

**(42 U.S.C. § 1983; 8th Amendment Violation, Texas Constitution Article 1. Bill of Rights Section 13 and Section 19 – Cruel and Unusual Punishments)**

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 33 above and incorporates the same as if set forth in full.

35. By having BILLS arrested without proper evidence of a crime. By removing BILLS from his family. By forcing BILLS to lose his employment without proper evidence of a crime. By forcing BILLS to have to pay money to get not only himself and his vehicle released without proper evidence of a crime. By removing his foster daughter/niece Angelina Pardon from his care and that of Jennifer Alvarez without proper evidence of a crime.

36. As a direct and proximate consequence of the acts of these Defendants BILLS has suffered and continues to suffer a chilling violation of his 4th 8th and 14th Amendment rights and injury therefore and is entitled to recover damages accordingly.

# CAUSE 3

**(42 U.S.C. § 1983; 4th Amendment Violation Texas Code of Criminal Procedure Article 26.03, Article 25.01, Article 15.17 Texas Constitution Article 1. Bill of Rights Section 9- Unreasonable Seizure and Due Process)**

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 36 above and incorporates the same as if set forth in full.

38. All Defendants knew or should have known that it is unlawful and is a constitutional violation to withhold a citizen's personal property not contraband without due process of law.

39. As a direct and proximate consequence of the acts of these Defendants. BILLS has suffered and continues to suffer injury therefore and is entitled to recover damages accordingly.

# CAUSE 4

### (42 U.S.C. § 1983 – Monell claim against Defendant City of Quanah, Hardeman County, City of Hondo, Medina County, Texas Department of Family and Protective Services, and Belong/SJRC – Failure to properly train and supervise)

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 35 above and incorporates the same as if set forth in full.

37. Defendants **City of Quanah, Hardeman County, City of Hondo, Medina County, Texas Department of Family and Protective Services, and Belong/SJRC** through its supervisors, officers, employees and training promulgated the making of the unconstitutional acts as outlined in the foregoing causes of action.

38. Defendants **City of Quanah, Hardeman County, City of Hondo, Medina County, Texas Department of Family and Protective Services, and Belong/SJRC** knew or should have known that their training and supervision of their Sheriff's Department, Police Department, Officers, and employees must include clear knowledge of the Constitution nuances of investigations, consensual encounters, investigatory stops, and arrests. Further, they failed to properly train and supervise their employees to refrain from making unconstitutional detainment in order to permit scenarios whereby their employees make unconstitutional searches and seizure, unconstitutional arrests, failure to follow the Criminal Procedure, bring false charges, false allegations and malicious prosecutions as they did here.

39. As a direct and proximate consequence of the acts of the defendants, BILLS has suffered and continues to suffer injury thereof and is entitled to recover damages accordingly.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this honorable court finds as following:

    a. That all Defendants violated BILLS's 4th 8th and 14th Amendments rights and the Texas Code

of Criminal Procedure Article 26.03, Article 25.01, Article 15.17 when he was arrested for a crime that he did not commit.

b. That the Defendants City of Quanah, Hardeman County, City of Hondo, Medina County, Texas Department of Family and Protective Services, and Belong/SJRC allowed these employees to act in violation of the Constitution as described without consequence and with deliberate indifference as a standard practice. City of Quanah, Hardeman County, City of Hondo, Medina County, Texas Department of Family and Protective Services, and Belong/SJRC hold liability has as this defendant has failed to ensure proper training and supervision as police force regarding citizen's right to be free from unlawful searches and seizures and unlawful arrest.

c. That all defendants by their conduct and actions intend to cause an interference of this Plaintiff's 4th 8th and 14th Amendments rights by unlawful arrest.

Plaintiff prays for Relief against defendants jointly and severely as follows:

d. Enter judgment against each and every defendant named and find them jointly and severally liable.

e. Find that the plaintiff is the prevailing party in this case legal fees and costs according to federal law, as noted all defendants

f. Award punitive damages against defendants Pat Laughery, Linda Hollenbaugh, Ronald Ingram, jointly and severely in their respective individual and official capacities in the amount of $360,000.00

g. Award exemplary damages against Hondo Police Department, City of Hondo, Medina County named defendants jointly and severely in their official capacities in the amount of $3,000,000.00 as to prevent any similar type of deprivation of rights in the future against any other citizens similarly situated.

h. Award exemplary damages against Hardeman County Sheriff's office, Hardeman County, and the City of Quanah named defendants jointly and severely in their official capacities in the amount of $36,000,000.00 as to prevent any similar type of deprivation of rights in the future against any other citizens similarly situated.

i. Award exemplary damages against Child Protective Services, Texas Department of Family and Protective Services, and SJRC Texas, INC. D/B/A Belong defendants jointly and severally in their official capacities in the amount of $72,000,000.00 as to prevent any similar type of deprivation of rights in the future against any other citizens similarly situated.

j. Award custody of Angelina Padron to Jeremiah Anson Bills and Jennifer Alvarez.

k. And grant such other and future relief as it appears reasonable and just, to which Plaintiff shows themself entitled.

the declaratory relief declared in this action is sought against each defendant; against each defendant's officers, employees, and agents against all persons acting in active concert or participation with the defendants, or under any defendants supervision, direction, or control.

# DEMAND FOR TRIAL BY JURY REQUESTED HEREIN

# I, JEREMIAH ANSON BILLS, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Date of signing: 05-01-2023

Signature of Plaintiff _____

Printed Name of Plaintiff  Jeremiah Anson Bills